IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DIANE BELT** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD 07-440 |
| | ) | |
| **SUPERVALU, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Belt filed this negligence action against Defendant Supervalu, Inc. for damages. Now before this Court is Defendant's Motion for Summary Judgment ("Defendant's Motion") (Docket Item No. 20). The Court has reviewed Defendant's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons below, the Court hereby GRANTS Defendant's Motion.

**I. Background**

On July 16, 2005, Plaintiff suffered a slip-and-fall accident at the Shoppers Food Warehouse located in Oxon Hill, Maryland, which is operated and controlled by Defendant. According to Plaintiff's deposition testimony, she was walking down the meat aisle when she slipped in a puddle of water, seriously injuring her knee. Plaintiff does not know the source of the water or how long it was on the floor before the accident. Plaintiff speculates that the water leaked from a shopping cart full of meat located between six (6) to ten (10) feet from the scene of the accident, but did not actually see the cart leaking.

Moments after the accident, Plaintiff encountered a store employee and asked "don't you know all this water is on the floor?" The employee responded, "yah, yah, yah" and disappeared into a backroom. Plaintiff also reported this incident to the store manager. Defendant now moves for summary judgment.

**II. Standard of Review**

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *Pulliam Inv. Co., Inc. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

"Once the moving party discharges its burden . . . , the nonmoving party must come

forward with specific facts showing that there is a genuine issue for trial." *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002).  Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The disputed facts must be material to an issue necessary for the proper resolution of the case."  *Everett, Inc. v. Nat'l Cable Adver., L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III.  Discussion

Plaintiff alleges that Defendant's negligent failure to rectify a dangerous condition or provide a warning resulted in Plaintiff's injuries.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, (a) he knows, or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Maans v. Giant*, 161 Md. App. 620, 626, 871 A.2d 627, 631 (2005); *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117, 113 A.2d 405, 407 (1955).

A proprietor of a store is not an insurer of his customers while they are on the premises, and no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store.  *Maans*, 161 Md. App. at 628, 871 A.2d at 631; *Moulden v. Greenbelt Consum. Serv., Inc.*, 239 Md. 229, 232, 210 A.2d 725 (1965).  Instead, the burden is on the customer to show that the proprietor created the dangerous condition or had actual or

constructive knowledge of its existence.  *Maans*, 161 Md. App. at 627-28, 871 A.2d at 631.  Mere speculation is not sufficient to carry this burden.  *Rawls*, 207 Md. at 119, 113 A.2d at 408.

In the case at hand, Plaintiff has not offered sufficient evidence to suggest that Defendant created or had either constructive or actual knowledge of the dangerous condition prior to the accident.  In order to show that a defendant had constructive knowledge of a dangerous condition, it is necessary for the plaintiff to show how long the dangerous condition existed.  *Joseph v. Bozzuto Management Co.*, 173 Md. App. 305, 316, 918 A.2d 1230, 1236 (2007).  This "time on the floor" evidence allows the fact-finder to decide whether the proprietor would have discovered the condition if he had exercised ordinary care.  *Id.* at 316, 918 A.2d 1236.  Without "time on the floor" evidence, a proprietor would be potentially liable even though there was no way of telling whether he could have prevented the injury.  *Maans*, 161 Md. App. at 639-40, 871 A.2d at 627.  As Plaintiff admits that she has no knowledge of the length of time that the water was on the floor and can only speculate as to the source of the water, the Court finds that Plaintiff has not met her burden of demonstrating Defendant's constructive knowledge.

Further, a review of Maryland slip-and-fall case law supports the Court's finding.  In *Burwell v. Eastern Memorial Hosp.*, the plaintiff submitted an affidavit that an unidentified nurse whom she had told about her slip-and-fall accident made a statement that "someone should have cleaned it up."  83 Md. App. 684, 690, 577 A.2d 394, 396 (1990).  The court found that this statement was insufficient to raise an inference of actual notice because the nurse had said nothing to indicate that she had been aware of the condition *before* the accident.  *Id.* at 690, 577 A.2d at 397.

Likewise, in the case at hand, the only evidence to support a finding of actual knowledge

is the ambiguous statement of Defendant's employee when he was asked whether he was aware that there was a puddle of water on the floor.  Judging from the context of the exchange, the statement "yah, yah, yah" could have meant any number of things, and even if this statement was an admission of knowledge, there is no indication as to whether the employee discovered this condition before or after the accident occurred.  As such, Plaintiff can only speculate as to this issue, which is insufficient to permit an inference that Defendant had actual knowledge of the dangerous condition.

### IV. Conclusion

For the aforementioned reasons, the Court GRANTS Defendant's Motion.  Judgment shall be entered in favor of Defendant and the case shall be closed.

                                                        /s/
                                                 Charles B. Day
                                                 United States Magistrate Judge

CBD:nrh